IN RE: MEDICAL REVIEW          *          NO. 2021-C-0099
PANEL OF CYNTHIA
BERRYHILL                    *

                                 COURT OF APPEAL

VERSUS                       *

                                 FOURTH CIRCUIT

DENARDO D. DUNHAM,      *
D.P.M.                         STATE OF LOUISIANA

                     * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-07395, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods)


Byron J. Casey, III
ATTORNEY AT LAW
7301 General Haig St.
New Orleans, LA 70124

    COUNSEL FOR PLAINTIFF/RELATOR

David K. Persons
Gerald F. Arceneaux
HAILEY, MCNAMARA, HALL LARMANN
& PAPALE, LLP
1 Galleria Blvd. Suite 1400
Metairie, LA 70001

    COUNSEL FOR DEFENDANT/RESPONDENT


**WRIT GRANTED; JUDGMENT REVERSED**

**April 28, 2021**

*JCL*
*TFL*
*RBW*
This is an evidentiary dispute in a medical malpractice case under the Louisiana Medical Malpractice Act. This case is in the pre-suit, medical review panel stage. Relator, Cynthia Berryhill, seeks review of the district court's February 9, 2021 judgment granting a motion to exclude evidence from the medical review panel submission filed by Respondent, Denardo D. Dunham, DPM, in this pre-suit discovery proceeding.

On June 24, 2019, Relator filed a complaint with the Louisiana Division of Administration. Therein, Relator argued that Respondent breached the standard of care in relation to surgery performed on July 27, 2018. Specifically, Relator averred that Respondent performed unnecessary surgery. Relator sought the appointment of a Medical Review Panel to determine whether Respondent breached the applicable standard of care. Relator filed a second supplemental and amending complaint in which Relator claimed a lack of informed consent. Relator averred that Respondent had her sign a blank consent form. Relator contended that after she signed the blank form, Respondent wrote in medical conditions that she

did not have, and listed surgical procedures and alternative treatments that Respondent did not discuss with her.

On August 24, 2020, counsel for Respondent sent an email to the attorney appointed as the chair of the Medial Review Panel objecting to the admissibility of certain affidavits attached to Relator's documents submitted for consideration by the Medical Review Panel. The affidavits in dispute were from two former patients of Respondent (other than Relator) and the husband of one former patient. Each of these affiants attested to their experience with Respondent's use of consent forms in the context of their care. On October 2, 2020, the chair of the Medical Review Panel issued a letter to Relator and Respondent overruling the objection to the affidavits. The chair indicated that the Medical Review Panel would consider the affidavits.

On November 9, 2020, Respondent filed in the district court a motion to exclude evidence to the Medical Review Panel. Therein, Respondent claimed that the evidence submitted to the Medical Review Panel must be limited to that involving the claimant's care. On January 4, 2021, Relator filed an opposition to the motion to exclude evidence. Relator submitted the affidavits of Respondent's other patients to establish that Respondent had a habit of filling in consent forms after the patient signed the form and including diagnoses and treatment not discussed with the patient. On February 9, 2021, the district court rendered a judgment granting the motion to exclude evidence to the Medical Review Panel. This writ application followed.

The issue presented herein turns on the statutory construction of La. R.S. 40:1231.8(D)(2). Thus, as the issue presents a question of law, the standard of review is *de novo*. *In re Med. Review Panel for Brock*, 19-0480, p. 3 (La. App. 4 Cir. 6/19/19), 274 So.3d 1275, 1277.

La. R.S. 40:1231.8(D)(1) and (2) states:

> (1) The evidence to be considered by the medical review panel shall be promptly submitted by the respective parties in written form only.
> (2) The evidence may consist of medical charts, x-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, interrogatories, affidavits and reports of medical experts, and any other form of evidence allowable by the medical review panel.

Relator contends that the catchall phrase, "and any other form of evidence allowable by the medical review panel," gives the Medical Review Panel the discretion to determine what evidence it will consider. Relator avers the district court should not determine what evidence the Medical Review Panel considers.

This Court recently addressed, as a matter of first impression, the propriety of a district court's determination of what evidence a Medical Review Panel may consider in *Brock*, 19-0480, 274 So.3d 1275. In *Brock*, a claimant in a medical malpractice proceeding issued two notices of record depositions. *Id.*, 19-0480, p. 1, 274 So.3d at 1276. The defendants filed a motion to quash. The district court granted the motion to quash and precluded the claimant from presenting the evidence obtained from the record depositions to the Medical Review Panel. *Id.*, 19-0480, pp. 1-2, 274 So.3d at 1276. The claimant filed an application for supervisory writs. *Id.*, 19-0480, p. 2, 274 So.3d at 1276. This Court determined there was no authority for a district court to act as a gatekeeper of the evidence presented to a Medical Review Panel. *Id.*, 19-0480, p. 6, 274 So.3d at 1278-79.

4

This Court specified "[t]he pertinent statutory provision, La. R.S. 40:1231.8(D)(2), places no restrictions on the type of evidence that may be produced to the medical review panel." This Court granted the application for supervisory writs and reversed the ruling of the trial court. *Id.*, 19-0480, p. 6, 274 So.3d at 1279. We reach the same conclusion here.

A *de novo* review of the record reveals the district court erred in granting the motion to exclude evidence to the Medical Review Panel. The Medical Malpractice Act grants authority to the Medical Review Panel to determine what evidence it will consider. The district court's limited role in facilitating the production of evidence does not permit the district court to act as a gatekeeper and determine what evidence the Medical Review Panel considers. Thus, the district court erred in excluding the affidavits in dispute.

Accordingly, for these reasons, we grant the writ and reverse the judgment of the district court.

**WRIT GRANTED; JUDGMENT REVERSED**